**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SAKINAH JEF'REE COLLINS,

Plaintiff,

v.

CONDUENT, INC.,

Defendant.

No. 3:26-CV-294
(MAD/PJE)

---

**APPEARANCES:**

Sakinah Jef'ree Collins
200 Washington Avenue, Unit 7297
Endicott, New York 13760
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

### I. In Forma Pauperis

Plaintiff pro se Sakinah Jef'ree Collins ("plaintiff") commenced this action on February 24, 2026, by filing a complaint. *See* Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiff submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. On March 3, 2026, plaintiff filed an amended complaint. *See* Dkt. No. 5. The undersigned has reviewed plaintiff's IFP application and determines that she

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(d).

financially qualifies to proceed IFP.[2] The undersigned concludes that plaintiff's amended complaint supersedes and replaces the original complaint in its entirety,[3] and the Court must now assess the merits of plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915; 1915A.[4]

## II. **Initial Review**

### A. **Legal Standards**

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

The Second Circuit affords pro se litigants a "special solicitude" such "that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted). However, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the

---

[2] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

[3] *See Anderson v. Buzzell*, No. 8:25-CV-1214 (ECC/PJE), 2026 WL 1864069, at *11, n. 19 (N.D.N.Y. June 29, 2026).

[4] These requirements apply equally to non-prisoner pro se litigants. *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

pleading stage, a complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which the claims are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007) (Noting that a plaintiff bringing suit must plead "enough facts to state a claim to relief that is plausible on its face.").

"If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint." *Rich v. Akwesasne Mohawk Casino Resort*, No. 8:24-CV-0255 (AMN/CFH), 2024 WL 3677262, at *2 (N.D.N.Y. Aug. 6, 2024), *report and recommendation adopted,* No. 8:24-CV-0255 (AMN/PJE), 2025 WL 286937 (N.D.N.Y. Jan. 24, 2025) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995)). "However, an opportunity to amend is not required where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'" *Id*. (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

## III. **Discussion**

### A. **Plaintiff's Complaint**[5]

In August 2024, plaintiff was hired "through a staffing agency and assigned to work at Conduent, Inc. [("Conduent")]." Dkt. No. 5 at 3. Conduent "controlled [plaintiff's] daily work, supervision, attendance rules, and termination." *Id*. Plaintiff alleges that she "is a

[5] Plaintiff included one attachment with her amended complaint. *See* Dkt. No. 5 at 7-11. This attachment has also been reviewed in connection with the initial review of plaintiff's amended complaint. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

qualified individual with disabilities including [attention deficit hyperactivity disorder "ADHD"], chronic fibromyalgia, degenerative joint disease, degenerative disc disease, and vision impairment." *Id*. Plaintiff states that Conduent terminated her employment after she filed "written complaint documenting workplace concerns and [was] denied accommodations" for her disabilities." *Id*. Plaintiff seeks an award of back pay, lost benefits, front pay or reinstatement, and compensatory damages all "in the amount to be determined." *Id*. at 6.

B. **Analysis**

Plaintiff seeks to bring this action pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"), claiming that she was discriminated against on the basis of her disabilities, refused reasonable accommodations, and retaliated against after she raised these concerns. *See* Dkt. No. 5 at 2-5.

1. **Timeliness**

"Before an aggrieved party can assert a Title VII [or ADA] claim in federal court, [s]he is generally required to exhaust the administrative remedies provided by the statute." *Chilson v. Del Toro*, No. 3:23-CV-1138 (MAD/TWD), 2024 WL 4950104, at *3 (N.D.N.Y. Dec. 3, 2024) (quoting *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) (citing *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015))).[6] A plaintiff seeking to proceed under Title VII or the ADA "generally must file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") 'within three hundred days after the alleged unlawful employment practice occurred,' . . . and must then file an action in federal court within 90 days of receiving a

[6] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

right-to-sue letter from the agency." *Id.* (quoting *Duplan*, 888 F.3d at 621 (quoting 42 U.S.C. §§ 2000e-5(e)(1), (f)(1)) (footnote omitted); *see also Bavier v. Hofstra Univ.*, No. 19-CV-0943 (JS)(AYS), 2022 WL 888951, at *2 (E.D.N.Y. Mar. 24, 2022) (first citing 42 U.S.C. § 2000e-5(f)(1); then citing *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011); then citing *Bamba v. Fenton*, 758 F. App'x 8, 10 (2d Cir. 2018) (summary order) (noting that the same ninety-day standard applies to both Title VII and the ADA).

"The 90-day period is 'strictly enforced,'" and "in the absence of a recognizable equitable consideration, the court cannot extend the limitations period 'by even one day.'" *Chilson*, 2024 WL 4950104, at *3 (N.D.N.Y. Dec. 3, 2024) (first quoting *Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 589 (W.D.N.Y. 2008) (quoting *Holmes v. Nat'l Broad. Co.*, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996))); then quoting *Johnson v. Al Tech Specialties Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (quoting *Rice v. New England Coll.*, 676 F.2d 9, 11 (1st Cir. 1982))). "Although *pro se* plaintiffs are entitled to leniency in other areas of litigation, the case law is clear: The 90-day deadline is strictly enforced against represented and *pro se* plaintiffs alike." *Id*. (quoting *Perez v. Mason Tenders Dist. Council Tr. Funds*, No. 17-CV-1022 (PAE), 2017 WL 5125542, *3 (S.D.N.Y. Nov. 1, 2017) (collecting cases)).

However, "[t]he ninety-day period is not a jurisdictional requirement but is akin to a statute of limitations which may be tolled in certain situations." *Chilson*, 2024 WL 4950104, at *4 (first citing *Johnson*, 731 F.2d at 146; then citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)). "Normally it is assumed that a mail document is received three days after its mailing, and it is presumed that a notice provided by a government agency has been mailed on the date shown on the notice." *Id*. (quoting

*Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148, n.1 (1984))) (additional citation and internal quotation marks omitted). "The three-day presumption can be rebutted if 'a claimant presents sworn testimony or other admissible evidence from which it could be reasonably inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach [the claimant] by mail.'" *Id.* (quoting *Sherlock*, 84 F.3d at 526 (additional citation omitted). "However, it is not enough to rebut the three-day presumption if a plaintiff only presents evidence showing either their 'own lack of recollection' or a 'mere denial of receipt.'" *Id*. (quoting *Sherlock*, 84 F.3d at 526); *see also Isaacson v. N.Y. Organ Donor Network*, 405 Fed. Appx. 552, 553 (2d Cir. 2011) (summary order) (citing *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985)).

Further, "[a] civil action is commenced by filing a complaint with the court," not the date a plaintiff's writes on his or her complaint. FED. R. CIV. P. 3; *United States v. Schiller*, 81 F.4th 64, 70 (2d Cir. 2023).

"The doctrine of equitable tolling allows the court to extend the statute of limitations past the time of expiration as necessary to avoid inequitable circumstances." *Chilson*, 2024 WL 4950104, at *5 (citing *Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996)). "In order to apply equitable tolling, the court must find that 'extraordinary circumstances' prevented a plaintiff from performing the required act, and that the plaintiff acted 'with reasonable diligence' during the period that he seeks to toll." *Id*. (quoting *Walker v. Jasatremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004))). "In other words, the party seeking equitable tolling must show 'both extraordinary circumstances and due diligence.'" *Id*. (quoting *Torres v. Barnhart*, 417 F.3d

276, 279 (2d Cir. 2005)). "The term, 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Id*. (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "[I]t is not enough for a party to show that he experienced extraordinary circumstances. [She] must further demonstrate that those circumstances caused [her] to miss the original filing deadline." *Id*. (quoting *Harper*, 648 F.3d at 137). "Moreover, equitable tolling is not a cure-all, and is only appropriate in rare and exceptional circumstance[s]." *Id*. (first quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007), then quoting *Serilli-Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)) (internal citations and quotations omitted).

Here, the EEOC issued plaintiff a right to sue letter on November 20, 2025. *See* Dkt. No. 5 at 7. As plaintiff's amended complaint does not provide any information for the Court to determine whether the date she received the EEOC right to sue letter differs from the customary three-day presumption period, the undersigned, therefore, presumes that plaintiff received her EEOC right to sue letter on November 23, 2025. *See Chilson*, 2024 WL 4950104, at *4 (quoting *Sherlock*, 84 F.3d at 525-26) (citing *Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 148, n.1)). Applying the provisions of 42 U.S.C. § 2000e-5, plaintiff had ninety days from November 23, 2025, or until February 21, 2026, to commence a lawsuit in this Court. As February 21, 2026, was a Saturday, plaintiff had until Monday, February 23, 2026, to commence a lawsuit. *See Williams v. Zuk*, No. 9:07-CV-789 (DNH/DEP), 2009 WL 909520, at *2 (N.D.N.Y. Apr. 3, 2009) (citing Fed. R. Civ. P. 6(a)(1) and (3)) ("Rule 6(a)(1) directs that when applying a prescribed time, the first day of the period is excluded, but the last day is included unless falling on a Saturday, Sunday, a legal holiday, or a day on which weather or other conditions make the clerk's office inaccessible.").

Plaintiff did not file her original complaint until February 24, 2026.[7] *See* Dkt. No.1. Therefore, the undersigned concludes that plaintiff's commencement of this action is untimely. *See* 42 U.S.C. §§ 2000e-5(e)(1), (f)(1)); FED. R. CIV. P. 3; *Chilson*, 2024 WL 4950104, at *3-4; *Bavier*, 2022 WL 888951, at *2. However, in light of plaintiff's pro se status, the undersigned recommends that plaintiff's amended complaint be dismissed without prejudice and with opportunity to amend to afford plaintiff an opportunity to establish that her original complaint was timely or otherwise demonstrate that she is entitled to equitable tolling, such that her original complaint should be considered timely. *See Rich*, 2024 WL 3677262, at *2 (citing *Simmons*, 49 F.3d at 86-87); *Chilson*, 2024 WL 4950104, at *5; *Gerken v. Gordon*, No. 1:24-CV-00435 (MAD/CFH), 2024 WL 4608307, at *15 (N.D.N.Y. Oct. 29, 2024), *report and recommendation adopted,* No. 1:24-CV-435 (MAD/CFH), 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (additional citation and internal quotation marks omitted) ("A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.")).

## IV. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

[7] The undersigned observes that plaintiff's original complaint is dated January 20, 2026, and the Civil Cover Sheet attached to plaintiff's original complaint is dated February 20, 2026. *See* Dkt. Nos. 1, 1-2. However, these dates are not controlling for statute of limitations purposes. *See supra* at 6 (citing FED. R. CIV. P. 3; *United States*, 81 F.4th at 70).

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 5) be **DISMISSED without prejudice and with opportunity to amend** to attempt to establish that her original complaint was timely or demonstrate that equitable tolling is warranted, and it is further

**RECOMMENDED**, that if, following her review of this Report-Recommendation and Order, the District Judge adopts this Report-Recommendation and Order, plaintiff be given thirty (30) days from the filing date of the District Judge's Decision and Order adopting this Report-Recommendation and Order to file an amended complaint, and if plaintiff does not timely file an amended complaint pursuant to the District Judge's Decision and Order, the Clerk may close this case without the requirement of further order of the Court; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[8]

[8] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).

Dated: September 22, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge