**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**SAKINAH JEF'REE COLLINS,**

**Plaintiff,**

**vs.** **3:26-CV-294 (MAD/MJK)**

**CONDUENT, INC.,**

**Defendant.**

---

**APPEARANCES:** **OF COUNSEL:**

**SAKIAH JEF'REE COLLINS**
Endicott, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

On February 24, 2026, *pro se* Plaintiff Sakinah Jef'ree Collins filed a complaint alleging employment discrimination. *See* Dkt. No. 1. She also filed a motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On March 3, 2026, Plaintiff filed an amended complaint. See Dkt. No. 5. She then moved for permission to file electronically. *See* Dkt. No. 6.

On September 22, 2026, Magistrate Judge Paul J. Evangelista issued a Report-Recommendation and Order in which he granted Plaintiff's IFP motion and recommended that the Court dismiss the amended complaint without prejudice and with leave to amend. *See* Dkt. No. 8. The deadline for Plaintiff to file objections to the Report-Recommendation and Order was October 6, 2026. Plaintiff has not filed any objections.

When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the recommendations for clear error. *See Hamilton v. Colvin*, 8 F. Supp.

3d 232, 236 (N.D.N.Y. 2013); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). With no objections before the Court, it will review the Report-Recommendation and Order for clear error.

Magistrate Judge Evangelista recommended dismissing Plaintiff's complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act because Plaintiff did not file her complaint within ninety days of receiving her right-to-sue letter from the Equal Employment Opportunity Commission. *See* Dkt. No. 8. The Court has reviewed the record and the applicable law and finds no clear error in the Report-Recommendation and Order. Although, as Magistrate Judge Evangelista concluded, it appears Plaintiff filed her complaint only one day late, "[c]ourts in this Circuit construe the ninety-day deadline strictly, even where a *pro se* plaintiff files the complaint one or two days past the deadline." *Ayala v. U.S. Postal Serv.,* No. 15-CV-4919, 2017 WL 1234028, *6 (S.D.N.Y. Mar. 31, 2017) (collecting cases), *aff'd*, 727 Fed. Appx. 15 (2d Cir. 2018) (summary order). However, the Court also agrees that leave to amend is appropriate given Plaintiff's *pro se* status.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation and Order (Dkt. No. 8) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 5) is **DISMISSED** without prejudice and with leave amend within **thirty (30) days** of the date of this Order for Plaintiff to attempt to establish that her original complaint was timely or demonstrate that equitable tolling is warranted; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of the Court; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: October 19, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge